IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN B. FABIAN, | : | CIVIL NO. 1:CV-13-0434 |
|     Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| J.E. THOMAS, | : | |
|     Respondent | | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) filed by Alan B. Fabian ("Fabian"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. In the petition, Fabian challenges his conviction and sentence in the United States District Court for the District of Maryland following his 2009 conviction for Mail Fraud and Subscribing a False Tax Return. A response to the petition was filed on May 8, 2013, and Fabian filed a traverse on May 17, 2013. (Doc. Nos. 9, 10.) For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.     Background**

On January 22, 2009, Fabian was sentenced by the United States District Court for the District of Maryland (Baltimore) to 108 months imprisonment for Mail Fraud in violation of 18 U.S.C. § 1341, and to a concurrent 36 month sentence for Subscribing a False Tax Return in violation of 26 U.S.C. § 7206(1). (Doc. No. 9-1, Ex. 1.) He filed a motion to vacate, set aside or correct sentence pursuant 28 U.S.C. § 2255 in the sentencing court on October 23, 2009. (Id., Ex. 2.) The motion was denied on July 14, 2011. (Id., Ex. 3.) Fabian pursued an appeal to the Fourth Circuit Court of Appeals which affirmed the denial of the § 2255 motion on January 12,

2012.  (Id., Ex. 4.)  The Fourth Circuit also denied Fabian's subsequent petition for rehearing and reheaing en banc on March 19, 2012.  (Id., Ex. 5.)  On June 28, 2012, a petition for writ of certiorari was filed in the United States Supreme Court.  The petition was denied on October 1, 2012. (Doc. No. 9-1, Ex. 8.)

On January 14, 2013, Fabian filed a motion pursuant to 28 U.S.C. § 2244 in the Fourth Circuit seeking permission to file a second or successive motion under 28 U.S.C. § 2255 in the District Court of Maryland.  This motion was denied on January 23, 2013.  (Id., Exs. 6, 7.)

On February 19, 2013, Fabian filed the instant petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  In the petition, he challenges his conviction and sentence on the basis that the Government amended the charges against him during the time between the draft plea agreement and the final plea agreement.  Specifically, he claims that the Government added the additional element of "affected a financial institution" with respect to the Mail Fraud charge against him.  (Doc. No. 1, Pet. at 3.)  According to Fabian, the original and superseding indictment charged him with ordinary mail fraud punishable by 20 years imprisonment and 3 years supervised release.  By adding the additional element of "affected a financial institution," the charge became punishable by 30 years imprisonment and 5 years supervised release.  He claims that this change in the charge was not disclosed to the defense or the district court. Fabian claims that he first learned of the above in February of 2009, after his direct appeal rights had expired, but does state that he raised the issue in the § 2255 motion he filed.  (Id.)

Fabian claims that the district court denied him an evidentiary hearing with respect to his § 2255 motion, and that all subsequent appeals to the Fourth Circuit and United States Supreme Court have been denied, as well as his request to file a second § 2255 motion.  He now seeks to

pursue this issue by way of the instant § 2241 petition.

**II. Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Fabian attempts to raise claims in the pending § 2241 petition that clearly fall within the purview of § 2255. As noted above, he may not raise his present claims in

a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. <u>See</u> 28 U.S.C. § 2255; <u>see</u> <u>Dorsainvil</u>, 119 F.3d at 251-52. Clearly, he is unable to establish inadequacy or ineffectiveness as he actually raised his issue in the § 2255 motion he filed with the United States District Court for the District of Maryland. Although the sentencing court may have denied him relief, that does not make the remedy inadequate or ineffective. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Further, while Fabian claims that he has new theories in support of his challenge to his conviction, he has presented this argument to the Fourth Circuit in seeking permission to file a second § 2255 motion, and it has been rejected. The inability to meet the stringent gatekeeping requirements of § 2255 do not open the door for him to pursue his arguments by way of a § 2241 petition. Consequently, the Court will dismiss this § 2241 petition for lack of jurisdiction. An appropriate order follows.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALAN B. FABIAN,** | : | CIVIL NO. 1:CV-13-0434 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| **J.E. THOMAS,** | : | |
| Respondent | | |

### ORDER

**NOW, THIS 23rd DAY OF APRIL, 2014,** upon consideration of the petition for writ of habeas corpus (Doc. No. 1), and for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. No. 1) is **dismissed** for lack of jurisdiction.

2. The Clerk of Court is directed to **close this case**.

S/ Yvette Kane
YVETTE KANE, Judge
Middle District of Pennsylvania